UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL GROS, HAROLD CLINE,** | * | **CIVIL ACTION** |
| **WANDA JACKSON, RUBEN PEREZ,** | * | |
| **WILFORD JACKSON, JR., LLOYD HENRY,** | * | |
| **STANLEY HEBERT, FREDDIE JACKSON,** | * | **NO._____** |
| **WILLIAM WALLACE, ROCKY BARROIS,** | * | |
| **SR., ROCKY BARROIS, JR., CARL** | * | |
| **HOPKINS, SCOTT HOPKINS, JOSHUA** | * | **SECTION: _____** |
| **LESTER, AND EDWIN HONORÉ** | * | |
| *Petitioners* | * | |
| | * | **JUDGE _____** |
| **v.** | * | |
| | * | |
| **DRC EMERGENCY SERVICES, LLC, AND** | * | **MAGISTRATE JUDGE** |
| **DRC MARINE, LLC** | * | **_____** |
| *Defendants* | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Petitioners, Michael Gros, Harold

Cline, Wanda Jackson, Ruben Perez, Wilford Jackson, Jr., Lloyd Henry, Stanley Hebert, Freddie

Jackson, William Wallace, Rocky Barrois, Sr., Rocky Barrois, Jr., Carl Hopkins, Scott Hopkins,

Joshua Lester, and Edwin Honoré (collectively, the "Petitioners"), who respectfully represent as

follows:

1.

Petitioner, Michael Gros, is a person of the full age of majority and domiciled in the Parish

of Plaquemines, State of Louisiana.

2.

Petitioner, Harold Cline, is a person of the full age of majority and domiciled in the Parish

of Plaquemines, State of Louisiana.

3.

Petitioner, Wanda Jackson, is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

4.

Petitioner, Ruben Perez, is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

5.

Petitioner, Wilford Jackson, Jr., is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

6.

Petitioner, Lloyd Henry, is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

7.

Petitioner, Stanley Hebert, is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

8.

Petitioner, Freddie Jackson, is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

9.

Petitioner, William Wallace, is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

10.

Petitioner, Rocky Barrois, Sr., is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

11.

Petitioner, Rocky Barrois, Jr., is a person of the full age of majority and domiciled in the County of Bay, State of Florida.

12.

Petitioner, Carl Hopkins, is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

13.

Petitioner, Scott Hopkins, is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

14.

Petitioner, Joshua Lester, is a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana.

15.

Petitioner, Edwin Honoré, is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

16.

Defendant, DRC Emergency Services, LLC (hereinafter "Emergency"), is an Alabama limited liability company, authorized to transact business in Louisiana, and at all times pertinent to the allegations herein, doing business in Plaquemines Parish, Louisiana.

17.

Defendant, DRC Marine, LLC (hereinafter "Marine"), is an Alabama limited liability company, authorized to transact business in Louisiana, and at all times pertinent to the allegations herein, doing business in Plaquemines Parish, Louisiana.

18.

Emergency and Marine are sometimes collectively referenced herein as "DRC".

19.

Jurisdiction is proper in the Eastern District of Louisiana, as this claim is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the causes of action brought under Louisiana law pursuant to 28 U.S.C. § 1367.

20.

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391, as the acts of DRC which give rise to this action occurred in Plaquemines Parish, Louisiana during Petitioners' employment with DRC at the worksites located in Plaquemines Parish, Louisiana.

21.

## **FACTS**

The Petitioners were employed by Emergency, Marine, or one of their affiliated entities (individually and collectively "DRC") in connection with the BP oil spill cleanup efforts ("Oil Spill Cleanup"). DRC has issued various documents which fail to differentiate between the actual employer of the Petitioners.

22.

DRC contracted with BP for the Oil Spill Cleanup, providing oil skimming and other cleanup services.

23.

Petitioners' hire and termination dates were as follows:

a.  Michael Gros began working for DRC on or about July 7, 2010 and was laid off by DRC on or about November 5, 2010.

b.    Harold Cline began working for DRC on or about July 2, 2010 and was laid off by
      DRC on or about November 5, 2010.

c.    Wanda Jackson began working for DRC on or about July 7, 2010 and was laid off by
      DRC on or about November 5, 2010.

d.    Ruben Perez began working for DRC on or about July 7, 2010 and was laid off by
      DRC on or about November 5, 2010.

e.    Wilford Jackson, Jr.began working for DRC on or about June 27, 2010 and was laid
      off by DRC on or about November 4, 2010.

f.    Lloyd Henry began working for DRC on or about June 22, 2010 and was laid off by
      DRC on or about September 25, 2010.

g.    Stanley Hebert began working for DRC on or about June 25, 2010 and was laid off
      by DRC on or about November 9, 2010.

h.    Freddie Jackson began working for DRC on or about July 7, 2010 and was laid off
      by DRC on or about November 5, 2010.

i.    William Wallace began working for DRC on or about June 20, 2010 and was laid off
      by DRC on or about November 4, 2010.

j.    Rocky Barrois, Sr. began working for DRC on or about July 7, 2010 and was laid off
      by DRC on or about November 5, 2010.

k.    Rocky Barrois, Jr. began working for DRC on or about July 7, 2010 and was laid off
      by DRC on or about November 5, 2010.

l.    Carl Hopkins began working for DRC on or about June 20, 2010 and was laid off by
      DRC on or about November 6, 2010.

m.    Scott Hopkins began working for DRC on or about June 20, 2010 and was laid off
      by DRC on or about November 5, 2010.

n. Joshua Lester began working for DRC on or about July 2, 2010 and was laid off by DRC on or about August 19, 2010.

o. Edwin Honoré began working for DRC on or about June 24, 2010 and was laid off by DRC on or about November 10, 2010.

24.

When the Petitioners (except Stanley Hebert) were hired, DRC informed them that they would be paid $30.00 per hour. When Stanley Hebert was hired, DRC informed him that he would be paid $40.80 per hour.

25.

When the Petitioners received their pay checks dated July 23, 2010 ("July 23 Checks"), they were not paid as promised. Some Petitioners were paid only $20.03 per hour, while others were paid only $24.48 per hour, and Mr. Hebert was paid only $26.70 per hour, as is more fully detailed as follows:

| | Employee: | Incorrect Hourly Rate of Pay on Pay Check: |
|---|---|---|
| a. | Michael Gros | $20.03 |
| b. | Harold Cline | $20.03 |
| c. | Wanda Jackson | $20.03 |
| d. | Ruben Perez | $20.03 |
| e. | Wilford Jackson, Jr. | $20.03 |
| f. | Lloyd Henry | $20.03 |
| g. | Stanley Hebert | $26.70 |
| h. | Freddie Jackson | $20.03 |
| i. | William Wallace | $24.48 |
| j. | Rocky Barrois, Sr. | $20.03 |

| k. | Rocky Barrois, Jr. | $20.03 |
|----|--------------------|--------|
| l. | Carl Hopkins | $24.48 |
| m. | Scott Hopkins | $24.48 |
| n. | Joshua Lester | $20.03 |
| o. | Edwin Honoré | $20.03 |

26.

The overtime rate DRC paid to Petitioners was only one and one-half of the amount of the incorrect hourly rate of pay, as follows.

| | Employee: | Incorrect Overtime Rate of Pay on Pay Check: |
|----|-----------|---------------------------------------------|
| a. | Michael Gros | $30.045 |
| b. | Harold Cline | $30.045 |
| c. | Wanda Jackson | $30.045 |
| d. | Ruben Perez | $30.045 |
| e. | Wilford Jackson, Jr. | $30.045 |
| f. | Lloyd Henry | $30.045 |
| g. | Stanley Hebert | $40.05 |
| h. | Freddie Jackson | $30.045 |
| i. | William Wallace | $36.72 |
| j. | Rocky Barrois, Sr. | $30.045 |
| k. | Rocky Barrois, Jr. | $30.045 |
| l. | Carl Hopkins | $36.72 |
| m. | Scott Hopkins | $36.72 |
| n. | Joshua Lester | $30.045 |
| o. | Edwin Honoré | $30.045 |

27.

Petitioners complained to DRC, and DRC personnel assured them that they would check in to the matter. Petitioners continued to perform their duties with the assurance that the underpayments would be rectified.

28.

When Petitioners received their next pay checks dated August 6, 2010, DRC again underpaid them both their regular hourly wage and their overtime pay. DRC personnel again assured the Petitioners that the underpayments would be rectified and that they would determine why the underpayments were occurring. Petitioners continued to perform their duties with the assurance that the underpayments would be rectified.

29.

When Petitioners received their next pay checks dated August 20, 2010, DRC again underpaid them both their regular hourly wage and their overtime pay; however, this time, the Petitioners who were previously paid only $20.03 per hour were paid $24.48 per hour, with Stanley Hebert still being paid $26.70 per hour, as follows:

Employee:          Incorrect Hourly Rate of Pay on Pay Check:

a. Michael Gros          $24.48

b. Harold Cline          $24.48

c. Wanda Jackson          $24.48

d. Ruben Perez          $24.48

e. Wilford Jackson, Jr.   $24.48

f. Lloyd Henry          $24.48

g. Stanley Hebert          $26.70

h. Freddie Jackson          $24.48

Page 8 of 17

i.    William Wallace      $24.48

j.    Rocky Barrois, Sr.   $24.48

k.    Rocky Barrois, Jr.   $24.48

l.    Carl Hopkins         $24.48

m.    Scott Hopkins        $24.48

n.    Joshua Lester        $24.48

o.    Edwin Honoré         $24.48

30.

It was not until the Petitioners were working during the following pay period, which began on or about August 16, 2010 and ended on or about August 29, 2010, that DRC finally informed the Petitioners (with the exception of Stanley Hebert) that they would only be earning $24.48 per hour and Stanley Hebert that he would only be earning $26.70 per hour.

31.

Various Petitioners, including, but not limited to, Harold Cline, Wilford Jackson, Jr., Lloyd Henry, William Wallace, Carl Hopkins, Stanley Hebert, Scott Hopkins, Joshua Lester, and Edwin Honoré, received one or more pay checks (the "Prior Checks") prior to the July 23 Checks; however, the Prior Checks were not issued by the payroll company that issued the other payroll checks. The Prior Checks fail to set forth the pay period, the days for which payment was purportedly made, the number of regular and overtime hours, the hourly rate of pay, or whether any deductions were made from the pay and the amount and nature of any such deductions. DRC may have underpaid such Petitioners their regular hourly wage and/or their overtime pay on the Prior Checks.

32.

During the pay period beginning October 11, 2010 and ending October 24, 2010, Edwin

Honoré received a promotion and increase in rate of pay from $24.48 per hour to $38.94 per hour.

33.

At various points beginning in late August, 2010 or early September, 2010, then in late September, 2010 or early October, 2010, all of the Petitioners, except Edwin Honoré, were put on "rotation", meaning they were not given work, and/or they were subjected to a reduction in force. They were called back to work for a brief period beginning in late October, 2010 and ending with their layoff in early November, 2010, with the exception of Lloyd Henry, who was not assigned work.

34.

When DRC issued the final paychecks in November, 2010 (the "Last Pay Period"), after the Petitioners were laid off, the Petitioners were shocked to find that they had again been underpaid by as much as one-half of their hourly wage, as follows:

|    | Employee: | Incorrect Hourly Rate of Pay on Pay Check: |
|----|-----------|---------------------------------------------|
| a. | Michael Gros | $14.23 |
| b. | Harold Cline | $14.23 |
| c. | Wanda Jackson | $14.23 |
| d. | Ruben Perez | $14.23 |
| e. | Wilford Jackson, Jr. | $14.23 |
| f. | Lloyd Henry | $14.23 |
| g. | Stanley Hebert | $15.52 for 30 hours<br>$26.70 for 34 hours |
| h. | Freddie Jackson | $14.23 |
| i. | William Wallace | $14.23 |
| j. | Rocky Barrois, Sr. | $14.23 |

| k. | Rocky Barrois, Jr. | $14.23 |
| l. | Carl Hopkins | $14.23 |
| m. | Scott Hopkins | $14.23 |
| n. | Joshua Lester | Not applicable - laid off prior to Last Pay Period |
| o. | Edwin Honoré | $22.63 for 3 hours<br>$38.94 for 40 hours |

35.

In December, 2010, DRC issued checks to the Petitioners, with the exception of Joshua Lester, who had already been laid off, paying them the difference between the regular hourly rate paid in the Last Pay Period and the regular hourly rate they should have been paid for the Last Pay Period.

36.

DRC personnel provided various excuses and explanations for the multiple underpayments, including their assertion that DRC was forced to cut Petitioners' pay due to DRC's compensation from BP for the work and that DRC had not been paid by BP for certain of the work.

37.

DRC's repeated failure to address the employees' questions, including those of Petitioners, resulted in at least two police-controlled interactions between the employees and DRC human resources personnel.

38.

DRC failed to timely communicate any changes in pay to Petitioners in advance of changing their rate of pay.

39.

DRC attempted to obtain on at least two separate waivers from some or all of Petitioners with regard to wages they had already earned and to which they were entitled, in violation of public policy. The first of these waivers purported to retroactively waive the Petitioners' then-current hourly rate, in exchange for the promise of continued employment with DRC. Most of the Petitioners were laid off the very next day, with the remaining Petitioners laid off shortly thereafter.

40.

DRC gave the second of the waivers to the employees, including Petitioners, in an attempt to waive and release all "Claims" (as defined in the purported waiver) in exchange for their final pay checks. All such attempted waivers are impermissible and invalid.

41.

Petitioners have made demand upon DRC for their unpaid wages and overtime, more than three days have elapsed, and DRC has failed to fully pay the Petitioners.

42.

DRC has acted in an arbitrary and unreasonable manner and has violated multiple Federal and State statutes affording protection to Petitioners, including, but not limited to, the Fair Labor Standards Act (29 USC §201 *et seq*.), and La. R.S. 23:631 *et seq*.

43.

Illustrative examples of DRC's failures to properly pay Petitioners include, but are not limited to, the following:

• In many instances, Petitioners were required to report to work at a specific time in the morning; however they were not actually paid from the time they were required to report to work (i.e., unpaid waiting time).

- Petitioners were treated inconsistently with regard to the number of hours paid, even with respect to some who worked on the same crew, on the same barge, and who rode to and from work together daily.

- Petitioners were paid differently for standby days, depending upon which supervisor tracked and reported the time on that date.

- DRC also owes various clients for uncompensated trips to warehouses, etc., which were made at DRC's direction, and, in at least one case, DRC owes a former employee unreimbursed amounts due for mileage.

- DRC failed to pay employees for October 30, 2010, when they were instructed to report to work. Instead of sending the employees out to work, they were instead required to spend the day "processing" to return to work.

44.

## CAUSE OF ACTION NO. 1

## FAILURE TO PROPERLY PAY OVERTIME PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*

Petitioners re-allege and incorporate by reference the allegations contained in Paragraphs 1-43 above, as if fully set forth herein.

45.

DRC has failed to pay Petitioners the full hourly overtime rate for all overtime hours worked, in violation of the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, including, but not limited to, 29 U.S.C. § 207.

46.

DRC has failed to fully pay Petitioners for all overtime hours worked, in violation of the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, including, but not limited to, 29

U.S.C. § 207.

47.

DRC has acted in an arbitrary and unreasonable manner in failing to pay the overtime wages.

48.

The full amount of the overtime wages is due and owing by DRC.

49.

Petitioners have made demand upon DRC for payment of the same, to no avail.

50.

DRC is liable to Petitioners for the full amount of unpaid overtime compensation in amounts to be proven at trial of this matter and for an additional equal amount as liquidated damages, plus attorney fees and costs, pursuant to 29 U.S.C. § 216.

51.

## CAUSE OF ACTION NO. 2

### FAILURE TO TIMELY PAY PURSUANT TO LA R.S. 23:631, *ET SEQ.*

Petitioners re-allege and incorporate by reference the allegations contained in Paragraphs 1-50 above, as if fully set forth herein.

52.

DRC has failed to timely pay Petitioners the full amount of their wages for all hours worked, including "processing" and waiting time, in violation of the requirements of LA R.S. 23:631 and 23:632.                                                      53.

DRC has failed to pay Harold Cline for trips made by him, at DRC's request, outside of regular working hours, to a warehouse used by DRC and/or BP and for time spent taking a Hazwopper course, which was required by DRC, in an amount to be proven at trial of this matter.

54.

DRC has failed to pay Rocky Barrois, Sr. for trips made by him, at DRC's request, outside of regular working hours, to a warehouse used by DRC and/or BP, in an amount to be proven at trial of this matter.

55.

DRC has failed to pay Edwin Honoré for mileage expenses incurred on behalf of and authorized by DRC, in an amount to be proven at trial of this matter.

56.

DRC's failure to pay Petitioners for all wages has resulted in impermissible deductions from their wages.

57.

DRC failed to pay Petitioners for all wages on or before the next regular payday or no later than fifteen days following the date of discharge or resignation, whichever occurs first, pursuant to LA R.S. 23:631.

58.

The wages are due and owing by DRC.

59.

Petitioners have made demand upon DRC for payment of the same, to no avail.

60.

More than three days have elapsed from the time of making the first demand following discharge or resignation.

61.

DRC has acted in an arbitrary and unreasonable manner in failing to pay the wages.

62.

DRC is liable to Petitioners for the full amount of the wages.

63.

DRC failed to adequately inform of changes in rate of pay, as is required by LA R.S. 23:633.

64.

DRC is liable to Petitioners for ninety days wages at Petitioners' daily rate of pay or full wages from the time of Petitioners' demand for payment until DRC pays the amount of unpaid wages, whichever is the lesser amount of penalty wages, plus attorney's fees and costs, pursuant to LA R.S. 23:632.

65.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioners, Michael Gros, Harold Cline, Wanda Jackson, Ruben Perez, Wilford Jackson, Jr., Lloyd Henry, Stanley Hebert, Freddie Jackson, William Wallace, Rocky Barrois, Sr., Rocky Barrois, Jr., Carl Hopkins, Scott Hopkins, Joshua Lester, and Edwin Honoré, respectfully pray that this Court enter judgment in their favor and against Defendants, DRC Emergency Services, LLC and DRC Marine, LLC, for the following: (1) the full amount of unpaid overtime compensation in amounts to be proven at trial of this matter; (2) penalties pursuant to 29 U.S.C. § 216; (3) attorney's fees pursuant to 29 U.S.C. § 216; (4) the full amount of their wages for all hours worked, including "processing" and waiting time, in violation of the requirements of LA R.S. 23:631 and 23:632; (5) penalty wages for ninety days wages at Petitioners' daily rate of pay or full wages from the time of Petitioners' demand for payment until DRC pays the amount of unpaid wages, whichever is the lesser amount of penalty wages, pursuant to LA R.S. 23:632; (6) attorney's fees pursuant to LA R.S. 23:632; (7) other unreimbursed amounts due to Harold Cline, Rocky

Barrois, Sr., and Edwin Honoré; (8) all costs incurred in pursuing these claims; (9) interest; and (10)

all other relief as is equitable under the laws of the United States of America the State of Louisiana.

RESPECTFULLY SUBMITTED,

THE DERBES LAW FIRM, L.L.C.

BY: _____

ERIC J. DERBES, T.A. (#23,464)

MELANIE M. MULCAHY (#26,765)

3027 Ridgelake Drive

Metairie, Louisiana 70002

Phone: (504) 837-1230

Facsimile: (504) 832-0326

ederbes@derbeslaw.com; mmulcahy@derbeslaw.com

*Attorneys for Petitioners, Michael Gros, Harold Cline,*
*Wanda Jackson, Ruben Perez, Wilford Jackson, Jr., Lloyd*
*Henry, Stanley Hebert, Freddie Jackson, William Wallace,*
*Rocky Barrois, Sr., Rocky Barrois, Jr., Carl Hopkins, Scott*
*Hopkins, Joshua Lester, and Edwin Honoré*

## PLEASE ISSUE SUMMONS AND CERTIFIED COPIES FOR SERVICE AS FOLLOWS:

DRC Emergency Services, LLC
Through Its Registered Agent
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

DRC Marine LLC
Through Its Registered Agent
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808